UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SOUTHWEST CONTRACTING, INC. and )
RENEGADE CONSTRUCTION, INC., )
                                           )
    Plaintiffs, )
                                           )
v. ) No. 4:05CV374 HEA
                                           )
NATIONAL WATERWORKS, INC. and )
TRAVELERS CASUALTY AND SURETY )
COMPANY OF AMERICA )
                                           )
    Defendants. )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant National Waterworks, Inc.'s Motion to Dismiss, [#11]. Plaintiffs have not responded to the motion. For the reasons set forth below, Defendant's motion is granted.

## Facts and Background

Plaintiff, Southwest Contracting, Inc. ("Southwest") entered into a general contract with the City of Leadington, Missouri ("City") for the installation of water and sewer lines. Southwest accepted bids from subcontractors and suppliers for the water and sewer project. Defendant National Waterworks, Inc. ("National") submitted a bid to Southwest for supplies, which was more than the lowest bidder, but later, National offered to meet the bid of the lowest bidder. National also allegedly asserted as part of its offer that it could make immediate delivery of the materials to the job site, and Southwest accepted the offer. Plaintiff Southwest alleges in Count I of the First Amended Complaint that National

breached the contract, because National submitted its original bid price and failed to timely deliver materials to the project causing Plaintiff to incur additional expenses. Plaintiff seeks a declaratory judgment on the issue of the amount owed to National by Southwest for the materials supplied for the City public works project.

Plaintiff Renegade Construction, Inc. ("Renegade") also asserts a claim against National in Count II of the First Amended Complaint. Renegade claims that it was hired by National as a subcontractor and "material man" for the Wal-Mart in Farmington, Missouri. Allegedly, National, after being fully paid under its contract with Renegade, filed a false and fraudulent claim with the general contractor of the Wal-Mart project, W.S. Bowlware, and obtained payment in the amount of $6,811.21. Renegade contends it has been damaged as a direct and proximate cause of National's intentional acts.

Defendant National now moves to dismiss Counts I and II of Plaintiffs' First Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging Plaintiffs have failed to state a cause of action for which relief can be granted.

## Standard of Review

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)*; Midwestern Machinery, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). The complaint must be liberally construed in a light most favorable to the plaintiff. *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to

dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997). But a motion to dismiss should not be granted merely because a complaint does not state with precision every element of the offense necessary for recovery. *Roberts v. Walmart Stores, Inc.,* 736 F. Supp. 1527, 1528 (E.D. Mo. 1990). "A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley,* 355 U.S. at 45-46.

## Discussion

Defendant National contends that Count I of Plaintiffs' First Amended Complaint is moot. National claims it supplied materials to Southwest for the City public works project, but Southwest refused payment. National made a demand for payment to both Southwest and Travelers Casualty and Surety Company of America ("Travelers") for payment under the contract and the payment bond pursuant to Travelers' indemnity agreement with Southwest. National asserts its claim for the amount due on the City public works project has been fully settled with Travelers. Southwest fails to dispute this assertion. As such, Count I will be dismissed.

National next contends that Count II should also be dismissed because it fails to state a claim upon which relief can be granted. Specifically, National argues that Renegade's

claim is premised on fraud or misrepresentation and that the claim is not plead with particularity. Renegade failed to make any argument to the contrary, as it did not file a response to National's motion to dismiss.

Rule 9(b) of the Federal Rules of Civil Procedure requires that "the circumstances constituting fraud . . . be stated with particularity." FED. R. CIV. P. 9(b). In this context, "'[c]ircumstances' include such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *McDonnell Douglas Corp., v. SCI Technology, Inc.,* 933 F.Supp. 822, 825 (E.D. Mo. 1996) (citing *Bennett v. Berg,* 685 F.2d 1053, 1062 (8th Cir. 1982)). "The sufficiency of a pleading under Rule 9(b) depends on the nature of the case, the complexity or simplicity of the transaction or occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse party and enable him to prepare a responsive pleading." *Id.* (citing *United States ex rel. O'Keefe v. McDonnell Douglas Corp.,* 918 F.Supp. 1338, 1345 (E.D. Mo. 1996)).

In this case, Plaintiff Renegade has not adequately plead the circumstances constituting fraud, since it has failed to provide circumstances such as the time, place and contents of fraudulent claim, as well as the identity of the person making the misrepresentation. Most notably, Renegade has not established how it has been damaged by National's alleged claim for payment from the general contractor, W.S. Bowlware. As such, Count II will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant National Waterworks, Inc.'s Motion to Dismiss Counts I and II of Plaintiffs' First Amended Complaint, [#11] is granted.

**IT IS FURTHER ORDERED** that Plaintiff Renegade Contracting, Inc. is granted leave up to and including September 12, 2005 to file an amended Complaint consistent with this Order.

Dated this 2nd day of September, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE