UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SOUTHWEST CONTRACTING, INC. and RENEGADE CONSTRUCTION, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:04CV374 HEA ) |
| NATIONAL WATERWORKS, INC. and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | ) ) ) ) |
| Defendants. | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Travelers Casualty and Surety Company of America's Motion for a Judgment on the Pleadings as to Part of Count III of the Amended Complaint and to Dismiss the Balance of Count III and Count IV in its Entirety, [#5]. Plaintiff Southwest Contracting, Inc. has responded to the motion. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## Facts and Background

Plaintiff, Southwest Contracting, Inc. ("Southwest") entered into a general contract with the City of Leadington, Missouri ("City") for the installation of water and sewer lines as part of a public works project. Travelers Casualty and Surety Company of America ("Travelers") entered into an indemnity agreement with Plaintiff Southwest and issued a payment bond on behalf of Southwest for the public works project.

Southwest accepted the bid submitted by Defendant National Waterworks, Inc.

("National") for materials to be used in the public works project. Southwest contends that National later failed to make immediate delivery of the materials as promised and that there was a dispute as to the amount owed National for the materials supplied.[1] When Southwest refused payment for the materials, National demanded payment from Travelers pursuant to the payment bond. Travelers then made a demand to Southwest under the indemnity agreement that Southwest pay National the amount due, i.e., $97,567.23. Southwest refused payment again, and Travelers indicated it would pay the amount to National under the payment bond and did so.

In Count III of Plaintiffs' First Amended Complaint, Southwest seeks declaratory relief from this Court regarding whether (1) Southwest was required to pay a disputed claim to National, (2) Travelers was required to pay National a portion of its disputed claim, and (3) Southwest is responsible to Travelers under the terms of the bond and the indemnity agreement to repay Travelers for the money paid.

In Count IV of the Amended Complaint, Southwest alleges that "Travelers, in breach of its payment bond and the indemnity agreement with Southwest, did intentionally, willfully and maliciously interfere with the contract relationship between Southwest and National."

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant Travelers

---

[1] Count I of Plaintiffs' First Amended Complaint sought a declaratory judgment from this Court that Southwest owed National a net sum of $97,574.30 under the contract between the parties. It appears the actual amount owed was $97,567.23, yet the $7.07 difference is *de minimus*. Southwest has itself admitted that it owed $97,567.23 (or $7.07 more) to National for the pipe National supplied for use in the public works project. Nevertheless, Count I was dismissed as moot in this Court's Order of September 2, 2005, because Travelers paid the $97,567.23 to National.

now moves for judgment on the pleadings with respect to part of Count III of Plaintiffs' First Amended Complaint. Travelers also argues that the balance of Count III, as well as Count IV in its entirety, should be dismissed pursuant to Rule 12(b)(6).

## **Standard of Review**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Midwestern Machinery, Inc.*, 167 F.3d 439, 441 (8th Cir.1999). The complaint must be liberally construed in a light most favorable to the plaintiff. *Midwestern Machinery,* 167 F.3d at 441; *Springdale Educ. Ass'n v. Springdale Sch. Dist.,* 133 F.3d 649, 651 (8th Cir.1998). "In considering a motion to dismiss, courts accept the plaintiff's factual allegations as true, but reject conclusory allegations of law and unwarranted inferences." *Silver v. H & R Block, Inc.,* 105 F.3d 394, 397 (8th Cir.1997). But a motion to dismiss should not be granted merely because a complaint does not state with precision every element of the offense necessary for recovery. *Roberts v. Walmart Stores, Inc.,* 736 F. Supp. 1527, 1528 (E.D. Mo. 1990). "A complaint is sufficient if it contains allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. *Conley,* 355 U.S. at 45-46.

Rule 12(c) allows a party to move for judgment on the pleadings after the pleadings

are closed but within such time as not to delay the trial. Fed.R.Civ.P. 12(c) . The Court applies the same standard in a 12(c) motion as that applied in a 12(b)(6) motion to dismiss. *Westcott v. Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990) (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir. 1987)). That is, the Court grants the motion "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Handeen v.. Lemaire,* 112 F.3d 1339, 1347 (8th Cir. 1997) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). The Court assumes "that well-pleaded factual allegations in the complaint are true 'and construe[s] the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader.'" *Westcott,* 901 F.2d at 1488 (quoting *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986)). In so doing, however, the Court does not "blindly accept the legal conclusions drawn by the pleader from the facts." *Id.* The Court may grant judgment on the pleadings only if it appears beyond a doubt that a non-moving party can prove no set of facts entitling it to relief. *See St. Paul Ramsey County Med. Ctr. v. Pennington County, S.D.,* 857 F.2d 1185, 1188 (8th Cir. 1988).

## Discussion

**Count III - Declaratory Judgment**

Defendant Travelers first seeks a judgment on the pleadings with respect to the portion of Count III of Plaintiffs' First Amended Complaint in which Plaintiffs seek declaratory relief against Travelers. Yet, to the extent that Count III seeks declaratory relief regarding whether Southwest was required to pay National for the materials National supplied to the public

works project, the issue has been resolved by this Court's Order, dated September 2, 2005. Count I of Plaintiffs' First Amended Complaint also sought declaratory relief on the issue of whether Southwest was required to pay for the materials. Count I was dismissed as moot since Travelers paid National the claimed amount pursuant to the payment bond. The question of whether Southwest owes National monies for the materials supplied, even as restated in Count III, is no longer at issue. As such, this portion of Count III will be dismissed as moot.

The remaining portions of Count III on which Southwest seeks declaratory relief, however, are still at issue. Whether Travelers was required to pay National a portion of its disputed claim, and whether Southwest is responsible to Travelers under the terms of the bond and the indemnity agreement to repay Travelers for the money paid are not issues which would be properly dismissed under Rules 12(c) and 12(b)(6). The Court assumes that Southwest's factual allegations are true and construes the Complaint, and all reasonable inferences arising therefrom, in the light most favorable to Southwest. At this stage in the litigation, it cannot be said that Southwest can prove no set of facts entitling it to relief on the remaining issues of Count III, because Count III contains allegations from which an inference can be drawn that evidence on those material points will be introduced at trial. As such, the remaining portions of Count III will not be dismissed.

Travelers also argues that Plaintiffs failed to join indispensable parties to Count III of the First Amended Complaint, namely Renegade Construction, Inc. and Philip D. Bone, both

parties to the payment bond and the indemnity agreement. Southwest claims in its response to Travelers' motion that it has been its intention to name Philip D. Bone and Renegade Construction, Inc., but that it had been waiting for a ruling on its motion to consolidate in Travelers Casualty and Surety Company of America v. Southwest Contracting, Inc., Renegade Construction, Inc., Phillip D. Bone, and the City of Leadington (4:05CV99DJS). That case is before Judge Stohr, and the motion to consolidate was denied in an Order dated April 4, 2005. Southwest, however, seeks leave in this Court to amend its Complaint so that it may join all parties to this cause of action. As such, Plaintiffs will be granted leave to amend their Complaint to join the referenced parties.

**Count IV - Tortious Interference**

Defendant Travelers next contends that Count IV of Plaintiffs' First Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted. Count IV of the Complaint alleges that "Travelers, in breach of its payment bond and the indemnity agreement with Southwest, did intentionally, willfully and maliciously interfere with the contract relationship between Southwest and National." Southwest also alleges Travelers was aware of the relationship between Southwest and National and that Southwest has been injured by the claimed interference. Travelers claims that Plaintiff failed to plead the five elements necessary to state a valid claim for tortious interference with a contractual relationship as required by Missouri law. Southwest, in its response to Travelers' motion, agreed that Missouri law governs this pleading requirement, but claimed it had met the

required burden.

The parties' contention that Missouri law governs pleading requirements in this Court is simply and plainly incorrect. A federal district court sitting in diversity is neither required, nor indeed permitted, to apply state law to a matter covered by a Federal Rule of Civil Procedure. The United States Supreme Court has consistently held since its decision in *Hanna v. Plumer*, 380 U.S. 460 (1965) that if a matter is covered by a Federal Rule, the federal courts must apply the Rule without regard to whether the matter might arguably be labeled substantive or procedural.

A pleading standard which requires a party to plead particular facts to support a cause of action that does not include fraud or mistake as an element comports neither with Supreme Court precedent nor with the liberal system of "notice pleading" embodied in the Federal Rules. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to plead only "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." *Conley,* 355 U.S. at 47. Thus, Southwest's claim for tortious interference in Count IV will not be dismissed simply because it does not state with precision every element of the offense necessary for recovery. Count IV, however, will be dismissed on other grounds.

Southwest's claim for tortious interference does not contain allegations from which an inference can be drawn that evidence on the material points surrounding the claim will be introduced at trial. As a matter of illustration, tortious interference requires (1) a contract or valid business expectancy; (2) defendant's knowledge of the contract or relationship; (3)

intentional interference by the defendant inducing or causing a breach of the contract or relationship; (4) absence of justification; and (5) damages resulting from defendant's conduct. *Wash Solutions, Inc., v. PDQ Manufacturing, Inc.,* 395 F.3d 888, 895 (8th Cir. 2005) (*citing Serv. Vending Co. v. Wal-Mart Stores,* 93 S.W.3d 764, 769(Mo. Ct. App. 2002)). It is assumed Southwest will be able to show that it had a contract with National and that Travelers knew of the contract, but it appears beyond doubt that Southwest will not be able to show intentional interference by Travelers in inducing or causing a breach of the contract.

Southwest had an agreement with National to provide and deliver materials for the public works project at a particular time and for a sum certain. A breach of that contractual relationship, *if any*, occurred when a disagreement arose between Southwest and National regarding the exact amount due and the lack of timely delivery. In alleging that Travelers breached the contract between Southwest and National, Southwest has not claimed that Travelers terminated the contractual relationship between Southwest and National, nor that Travelers persuaded either party from entering into a contractual relationship with the other. Travelers simply paid National the undisputed amount due pursuant to the payment bond when Southwest refused payment itself. It appears beyond doubt that Southwest can prove no set of facts in support of its claim that Travelers' payment to National constitutes an inducement of a breach of contract.

It also appears beyond doubt that Southwest will not be able to show an absence of justification for Travelers' payment to National pursuant to the payment bond. In a tortious

interference claim, a plaintiff has the burden of "producing substantial evidence to establish the absence of justification." *Deutsche Fin. Serv. Corp. v. BCS Ins. Co.,* 299 F.3d 692, 696 (8th Cir. 2002) (*citing Community Title Co. v. Roosevelt Federal Sav. and Loan,* 796 S.W.2d 369, 372 (Mo. 1990)). In addition, "[o]ne who has a present existing economic interest, such as a prior contract of his own or a financial interest in the affairs of the person persuaded not to enter into a contract, is privileged to interfere with another's business expectancy to protect one's own economic interest." *Id.* Thus, "[n]o liability arises for interfering with a contract or business expectancy if the action complained of was an act which the defendant had a definite legal right to do without any qualification." *Id.*

In this case, the beneficiaries of the payment bond in question were the unpaid suppliers and subcontractors of Southwest who furnished labor or materials for the construction of the public works project. It cannot be said that Travelers had no duty under the terms of the payment bond and pursuant to Missouri law to pay National the amount owed by Southwest. *See* MO. REV. STAT. § 375.420. Further, it cannot be said that Travelers had no present existing economic interests, since it had a prior contract with Southwest via the payment bond and indemnity agreement and a financial interest in the consequences of Southwest's refusal to make the payments Southwest owed. As such, if it can be said that Travelers interfered with the business expectancies of both Southwest and National, then Travelers was privileged to interfere to protect its own economic interest. No liability can arise out of Travelers' alleged interference, since Travelers' payment to National under the

payment bond was an act which Travelers had a definite legal right to do without any qualification. Therefore, Travelers' motion to dismiss Count IV of Plaintiffs' First Amended Complaint will be granted because it appears beyond doubt that Plaintiffs can prove no set of facts in support of the claim for tortious interference.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Travelers Casualty and Surety Company of America's Motion for a Judgment on the Pleadings as to Part of Count III of the Amended Complaint and to Dismiss the Balance of Count III and Count IV in its Entirety, [#5] is granted in part and denied in part; the portion of Count III in which Plaintiffs seek declaratory relief with regard to whether Southwest was required to pay National, is dismissed as moot pursuant to this Court's September 2, 2005 Order;

**IT IS FURTHER ORDERED** that Defendant Travelers Casualty and Surety Company of America's Motion to Dismiss the Balance of Count III is denied;

**IT IS FURTHER ORDERED** that Defendant Travelers Casualty and Surety Company of America's Motion to Dismiss Count IV is granted;

**IT IS FURTHER ORDERED** that to the extent Plaintiffs failed to join parties to this cause of action, Plaintiffs are granted up to and including September 16, 2005 to amend their

Complaint consistent with this Order.

Dated this 6th day of September, 2005.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE